Filed 7/26/23  P. v. Franklin CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D081596 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCE351716) |
| D'MARE ATTE FRANKLIN, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Patricia K. Cookson, Judge.  Affirmed.

D'Mare Atte Franklin, in pro. per.; and Mark D. Johnson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 2016, a jury convicted D'Mare A. Franklin of attempted murder (Pen. Code,[1] §§ 187, 664), and two counts of assault with a semiautomatic firearm (§ 245, subd. (b)).  The jury also found true firearm enhancements under section 12022.53, subdivision (c) and 12022.5, subdivision (a).

---

[1]   All further statutory references are to the Penal Code.

Franklin was sentenced to an indeterminate life term for the attempted murder, with a consecutive term of 20 years for the personal discharge of the firearm causing great bodily injury (§ 12022.53, subd. (c)).

Franklin appealed and this court affirmed the convictions but remanded the case for resentencing on the firearm enhancements. (*People v Franklin* (Mar. 26, 2018, D071453) [nonpub. opn.].)[2]

In 2022, Franklin filed a petition for resentencing under section 1172.6. The court appointed counsel, received briefing, reviewed the record of conviction, and held a hearing. At the hearing, the court concluded Franklin was prosecuted as the direct perpetrator of the offense. The jury verdicts established Franklin was the shooter and that he acted with the specific intent to kill. The court also noted the jury was not instructed on the theory of liability for the acts of another based on the natural and probable consequences. The court found Franklin had not stated a prima facie case for relief under section 1172.6 and denied the petition without issuing an order to show cause.

Franklin filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to the direction provided in *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*) indicating counsel has not been able to identify any potentially meritorious issues for reversal on appeal. Counsel asks the court to exercise its discretion to independently review the record for error consistent with the procedure outlined in *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). We offered Franklin the opportunity to file his own brief on appeal. He has responded with a lengthy document which contains what appears to be a brief as well as a separate petition for

---

[2]  The facts of the offenses are adequately discussed in our earlier opinion. We will not repeat them in this opinion.

habeas corpus. The document is almost incomprehensible. It does not dispute that Franklin was the actual perpetrator of the offenses. Instead, it offers a rambling assortment of statements and citations to various cases, constitutional amendments without any explanation of how they apply to this appeal from the denial of his petition for resentencing. We will quote fairly typical phrases from the document simply to illustrate why we conclude it does not raise any potentially meritorious issues for reversal on appeal. On page 4 of the habeas petition Franklin states:

"The point of error of the specific denial in appealing the argumentative denial of the rez nova extraordinary writ pertains to conflict of the choice of laws arguendo the depecage [*sic*] penumbra renvol within Ca. Pen. Code [section] [1172.6] . . . ." The supplemental brief begins with the phrase "Prothonotary, [*sic*] Oyez; would you be ready, willing and able to forward the engrossed strict and practically constructed holograph . . . ."

DISCUSSION

As we have noted, appellate counsel has filed a *Delgadillo* brief and asks the court to exercise its discretion to review the record for error. To assist the court in its review, and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified the following possible issues that were considered in evaluating the potential merits of this appeal: Did the trial court err by reviewing historical facts when evaluating whether Franklin had made prima facie showing, and if so, was Franklin prejudiced by that error?

We have reviewed the record consistent with the requirements of *Wende* and *Anders*. We have not discovered any potentially meritorious issues for reversal on appeal. Competent counsel has represented Franklin on this appeal.

3

## DISPOSITION

The order denying Franklin's petition for resentencing under section 1172.6 is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:

KELETY, J.

RUBIN, J.

4